UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LEON MOORE,            )
                       )
        Movant,        )
                       )
    vs.                )    No. 4:05-CV-1186 CEJ
                       )
UNITED STATES OF AMERICA, )
                       )
        Respondent.    )

**MEMORANDUM AND ORDER**

This matter is before the Court on motion of Leon Moore to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. In addition, Moore requests a hearing on his claim that defense counsel failed to file a notice of appeal as he had requested. The United States has filed a memorandum in opposition.

**I. Background**

On May 13, 2004, Moore pled guilty to possession of a firearm by a convicted felon (Count I), in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking crime (Count III), in violation of 18 U.S.C. § 924(c)(1).[1] Contemporaneously with his guilty plea, Moore signed a document titled "Plea Agreement, Guidelines Recommendations and Stipulations." During the change of plea colloquy, Moore stated under oath that he had read the document, discussed it with his counsel, and understood it. The plea agreement recited the minimum and maximum statutory penalties for each offense. It also contained the parties' recommendation that Moore receive a 60-month

---

[1] The drug trafficking crime referred to in Count III was charged in Count II of the indictment.

term of imprisonment on Count III to run consecutively to any sentence of imprisonment imposed on Count I.

In Count II of the indictment, Moore was charged with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). As part of the plea agreement, the government dismissed this count at sentencing. However, in the plea agreement, Moore stipulated to facts on which the charge in Count II was based. Specifically, he stipulated that he had possession of cocaine base and a loaded firearm at the time of his arrest.

On July 30, 2004, Moore was sentenced to a 48-month term of imprisonment on Count I and a consecutive 60-month term of imprisonment on Count III. Moore did not appeal the judgment.

In the present motion, Moore claims that he was denied effective assistance of counsel by reason of his attorney's (1) failure to file a notice of appeal, (2) failure to object to the charges on double jeopardy grounds, (3) failure to object to the consecutive sentencing, and (4) failure to object to the sentence on Count I.

## II. Discussion

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to show prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  In the context of a guilty plea, the movant must demonstrate that but for counsel's errors, he would not have pleaded guilty, but instead would have insisted on going to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

### A. Notice of Appeal

Moore alleges in his first ground for relief that his attorney did not carry out his instruction to file a notice of appeal.  The government argues that Moore is not entitled to relief on this claim, because the affidavit of defense counsel establishes that Moore knowingly and voluntarily waived his right to appeal.

"Where an attorney disregards specific instructions from a defendant to file a notice of appeal, he 'acts in a manner that is professionally unreasonable.'" Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007), quoting Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).  In such a case, prejudice is presumed because the defendant has forfeited his right to appeal as a result of his counsel's error.  Id. at 964.  The court does not inquire into whether the intended appeal has merit or would be likely to succeed. Id.  Furthermore, this presumption of prejudice applies where a defendant waives appellate rights as part of a plea agreement.  Id. at 964 ("Although the waiver in Watson's plea agreement limits the circumstances under which he may take a direct appeal of his conviction or sentence, it does not foreclose appeal altogether.") A defendant whose counsel failed to file a notice of appeal despite being directed to do so has been denied effective assistance of

counsel and is entitled to resentencing so that he can file a timely appeal. Id.

In this case, Moore has filed a verified statement that he instructed his counsel to file a notice of appeal. The government has submitted an affidavit to the contrary. Under these circumstances, a hearing is required to enable the Court to make a factual determination on credibility.

Because proceedings under § 2255 are civil in nature, Moore does not have a right to appointment of counsel. Thus, the Court will not appoint an attorney to represent Moore at the hearing. Of course, Moore is free to retain counsel should he choose to do so.

**B. Double Jeopardy**

Moore's second ground is that his attorney should have challenged the charges in Counts I and III as violative of the Double Jeopardy clause of the Fifth Amendment. An element of each charge is possession of a firearm. However, the charges have no other elements in common. Because the proof required for Count I is different from that required for Count III, Moore was not subjected to double jeopardy. See Blockburger v. United States, 284 U.S. 299, 304 (1932). Thus, it would have been futile for defense counsel to assert a double jeopardy objection, and she was not deficient for failing to do so.

**C. Consecutive Sentencing**

Moore's third ground is that his attorney's failure to object to the consecutive sentence on Count III constitutes ineffective assistance. As noted above, Count III alleged a violation of 18

U.S.C. § 924(c)(1), which mandates a sentence of not less than five years' imprisonment in addition to any term of imprisonment imposed for a drug trafficking crime in furtherance of which a firearm was possessed. See 18 U.S.C. § 924(c)(1)(A)(ii). Moore argues that because he was not sentenced for the drug trafficking crime in Count II, the consecutive sentencing provision of § 924(c)(1)(A)(ii) was inapplicable, and his attorney should have objected to it.

Moore's argument fails to take into account § 924(c)(1)(D)(ii), which provides, in relevant part:

> (**D) Notwithstanding any other provision of law----**
>
> ****
>
> **(ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with <u>any other term of imprisonment imposed on the person</u>, including any term of imprisonment imposed for the . . . drug trafficking crime during which the firearm was used, carried, or possessed.**

**(Emphasis added)**

Based on the underlined portion of the statute, the Court was required to impose consecutive sentences of imprisonment on Counts I and III, despite the fact that the drug trafficking charge in Count II was dismissed. Defense counsel cannot be faulted for failing to argue for a concurrent sentence that was prohibited by statute.

### D. <u>Sentence on Count I</u>

Finally, in his fourth ground for relief Moore asserts that he was denied effective assistance due to his attorney's failure to object to the 48-month term of imprisonment imposed on Count I, which

he contends resulted from an incorrect application of the Sentencing Guidelines.

Under the applicable Sentencing Guidelines, the calculation of Moore's Base Offense Level for the felon in possession charge in Count I began at 14. See U.S.S.G. 2K2.1(a)(2). The indictment charged that Moore had previously been convicted of a felony offense, and therefore identified him as a "prohibited person." Thus, contrary to Moore's assertion, the Base Offense Level of 12 set forth in U.S.S.G. 2K2.1(a)(7) did not apply, and defense counsel had no basis for arguing that it did.

The presentence report revealed that Moore had a prior felony conviction for Sexual Assault, 1st Degree, which the Court found to be a crime of violence. Thus, his Base Offense Level became 20, pursuant to U.S.S.G. 2K2.1(a)(4)(A). The determination by the Court (as opposed to a jury) of the fact of the prior conviction and whether it constituted a crime of violence was appropriate. See United States v. Booker, 543 U.S. 220 (2005). Defense counsel was not ineffective by failing to object to the Court's determination of the Sentencing Guidelines.

### III. Conclusion

For the reasons discussed above, Moore's motion will be denied as to his second, third and fourth grounds for relief. The Court will hear evidence on the notice of appeal claim in the first ground for relief, and will address that issue separately.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Leon Moore to vacate, set aside or correct sentence is **denied as to the second, third and fourth grounds for relief**.

**IT IS FURTHER ORDERED** that a hearing with respect to the notice of appeal claim asserted in movant's first ground for relief will be held on **Thursday, September 18, 2008, at 3:00 p.m.**

**IT IS FURTHER ORDERED** that the United States Marshals Service shall transport the movant to the hearing.

                                              _____
                                              CAROL E. JACKSON
                                              UNITED STATES DISTRICT JUDGE

Dated this 2nd day of September, 2008.